|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| MARSHA A.B.A.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 2:21-cv-00364-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 18–20.

Plaintiff was fitted with an internal defibrillator as the result of severe cardiac problems stemming from a congenital heart defect, and while this treatment was effective, alleges that she continued to suffer from anxiety due to the unpredictable and painful activation of the defibrillator, as well as musculoskeletal issues. The ALJ properly found plaintiff's subjective

complaints were not fully supported by medical evidence during the period leading up to her date last insured. Finding no error, the Court affirms the ALJ's decision.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR 76, 84. Plaintiff's requested hearing was held before Administrative Law Judge C. Howard Prinsloo ("the ALJ") on June 18, 2020. *See* AR 45. On July 10, 2020, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 21–44.

On September 8, 2020, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1–6; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in March 2021. *See* Dkt. 7. Defendant filed the sealed administrative record regarding this matter ("AR") on July 29, 2021. *See* Dkt. 14.

## BACKGROUND

Plaintiff was born in 1958 and was 50 years old on the alleged date of disability onset of January 31, 2008. *See* AR 49, 166. Plaintiff has an associate's degree in nursing and worked as a registered nurse, but stopped working in late 2007 amid a move from Mississippi to Washington, and did not work again due to her declining health after her parents and brother passed away. *See* AR 55–57.

According to the ALJ, plaintiff has at least the severe impairment of congenital heart disease. AR 27.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) whether the ALJ erred in evaluating plaintiff's subjective testimony; (2) whether the ALJ erred in determining plaintiff's age category; and (3) whether the ALJ erred in evaluating plaintiff's residual functional capacity ("RFC"). *See* Dkt. 18, pp. 1–2.

1. Whether the ALJ Erred in Evaluating Plaintiff's Subjective Testimony

Plaintiff first claims that the ALJ erred by finding her own testimony not fully credible. *See* Dkt. 18, p. 3.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758

(9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Here, plaintiff testified that a congenital heart defect caused ventricular tachycardia and atrial fibrillation, contributing to plaintiff's anxiety whenever her heart rate goes up, owing to plaintiff needing an internal defibrillator that delivers painful shocks to stop tachycardic episodes. AR 56. In turn, anxiety and stress can cause her heart rate to increase. According to plaintiff, this stress was significantly exacerbated by the deaths of several family members between 2007 and 2009. AR 55.

In addition, plaintiff stated in a function report that she suffered from dyspnea on exertion, suffered hand pain that made chores difficult, could only walk 50 feet before needing to rest, and could not walk up a flight of stairs. AR 219. At the hearing, she stated that she could not stand for more than one hour at a time due to backaches and shoulder pain, and she could lift no more than ten pounds. AR 63, 66.

The ALJ found that this testimony was not fully credible, reasoning that (1) plaintiff stopped working for reasons other than her impairments; (2) medical evidence showed that plaintiff's heart problems, though severe, did not prevent her from functioning during the period at issue; and (3) plaintiff's activities of daily living contradicted her alleged limitations. *See* AR 35–36. The Court addresses the ALJ's second reason, which, if supported, is a sufficient basis to discount plaintiff's symptom testimony.

With respect to the ALJ's second reason, although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*,

799 F.2d at 1407), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

Here, the ALJ found that "when seen for routine evaluations, [plaintiff] consistently reported doing well and denied any cardiac symptoms such as chest pain, dizziness, syncope, or shortness of breath[,]" and "she did not indicate [the] occurrence [of shocks from the internal defibrillator] affected her ability to function in any way." AR 35. The ALJ considered notes from some medical appointments in which plaintiff complained of more frequent shocks, but also found that plaintiff reported she had "felt fine both before and after the shock and did not report any problems or complaints[.]" AR 35 (citing AR 1651).

While plaintiff's lack of consistent cardiac symptoms and complaints, aside from the shocks themselves supports a finding that plaintiff's defibrillator was working properly, does not necessarily contradict plaintiff's complaints of anxiety and even trauma resulting from its activation, the ALJ considered the evidence and concluded this treatment did not inhibit plaintiff's functioning to the degree plaintiff alleged. Indeed, the ALJ found that, when plaintiff did seek treatment for anxiety, "therapy notes [. . .] are brief and do not provide any insight into [plaintiff's] symptoms or functioning[.]" AR 35. In arguing that the ALJ erred, plaintiff points primarily to evidence that post-dated the date last insured by several years. *See, e.g.,* Dkt. 23, pp. 2,5 (citing AR 437, 2817–3050). While the ALJ indicated that he considered this evidence, he correctly noted that plaintiff was required to establish disability before that date and "focus[ed] primarily on the medical records pertaining to treatment during the period of adjudication[.]" AR 30. As to plaintiff's musculoskeletal issues, the ALJ stated that they "have been mentioned infrequently and treated conservatively, with nothing in the record to show they caused any significant functional difficulties." AR 35–36. The ALJ noted that, in one instance, plaintiff

reported pain and dyspnea on exertion, but contrasted this with other instances during the period of adjudication when she did not report these symptoms. AR 33 (citing AR 1525–28, 1561). While plaintiff offers an alternative interpretation of this evidence, "[i]f the ALJ's finding is supported by substantial evidence in the record, [the reviewing Court] may not engage in second guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In sum, the ALJ relied on an abundance of objective medical evidence to show that plaintiff's allegations regarding the severity of her impairments were contradicted by the medical evidence. The Court does not agree with all of the ALJ's reasons for discounting plaintiff's testimony, but the Court need not uphold all of an ALJ's reasons for discounting a claimant's testimony to affirm the ALJ's decision, so long as that decision enjoys the support of substantial evidence. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Such support was present here. ..

The ALJ's decision to reject plaintiff's subjective symptom testimony was supported by substantial evidence; thus, the ALJ did not err in rejecting this testimony.

### 2. Whether the ALJ Erred in Determining Plaintiff's Age Category

Plaintiff alleges that the ALJ erred by mechanically applying the age categories, resulting in a finding that plaintiff was not disabled prior to his 55th birthday. Dkt. 18, pp. 13–14. The Medical-Vocational Guidelines have three age categories: Younger person (under age 50); Person closely approaching advanced age (age 50-54); and Person of advanced age (age 55 or older). 20 C.F.R. §404.1563(c)-(e). At advanced age, the administration has determined that "age significantly affects a person's ability to adjust to other work." 20 C.F.R. §404.1563(e). The ALJ found that, as plaintiff was 50 years old on the alleged onset date and 54 years, 11 months old on

her date last insured, she should be considered an individual closely approaching advanced age for the period at issue. AR 37.

Plaintiff's date last insured was December 31, 2012, exactly one month before her 55th birthday. AR 37. The Administration has stated that it will not mechanically apply the age categories, and that "[i]f you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluation the overall impact of all the factors of your case. 20 C.F.R. §§ 404.1563(b), 415.963(b). Although the ALJ is required to consider using the older age category, the Ninth Circuit has held that the ALJ is not required to do so. *Lockwood v. Comm'r SSA,* 616 F.3d 1068, 1071 (9th Cir. 2010) (citing *Bowie v. Comm'r,* 539 F.3d 395, 399-401 (6th Cir. 2008) (holding that section 404.1563(b) "does not impose on ALJs a per se procedural requirement to address borderline age categorization in every borderline case").

Here, the ALJ considered whether a non-mechanical application of the age categories was appropriate, but found that "neither her education nor her work experience would justify applying the next higher age category[,]" and there was "no evidence of any other factors that would warrant applying the next higher age category." AR 38. In *Lockwood*, the Ninth Circuit found that this was sufficient:

> [T]he ALJ satisfied the requirement that she *consider* whether to use the older age category. The ALJ mentioned in her decision Lockwood's date of birth and found that Lockwood was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision. Clearly the ALJ was aware that Lockwood was just shy of her 55th birthday, at which point she would become a person of advanced age. The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation. Thus, the ALJ's decision shows that the ALJ knew she had discretion "to use the older age category after evaluating the overall impact of all the factors of [Lockwood's] case." 20 C.F.R. § 404.1563(b). Finally, we are satisfied the ALJ did not "apply

> the age categories mechanically" because the ALJ "evaluat[ed] the overall impact of all the factors of [Lockwood's] case" when the ALJ relied on the testimony of a vocational expert before she found Lockwood was not disabled. *Id.*

616 F.3d at 1071–72. The Court held that no further explanation was necessary. *Id.* at 174. Accordingly, the ALJ properly considered whether it was proper in this case to mechanically apply the age categories.

### 3. Whether the ALJ Erred in Formulating Plaintiff's RFC

Finally, plaintiff assigns error to the ALJ's RFC determination. Dkt. 18, p. 14. "The ALJ is responsible for translating and incorporating clinical findings into a succinct [residual functional capacity]." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). And as long as it is supported by "more than a mere scintilla[,]" *Biestek*, 139 S. Ct. at 1154, that finding is conclusive, even if "the ALJ's interpretation of [the evidence] might not be the only reasonable one." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff's challenge to the ALJ's RFC determination is predicated on the notion that the ALJ erred in evaluating plaintiff's symptom testimony and ignored objective medical evidence that did not support his conclusion. *See* Dkt. 18, pp. 14–15. As discussed above, however, the ALJ did not fail to properly evaluated plaintiff's subjective testimony, and the ALJ did not ignore evidence unfavorable to his conclusion but, rather, considered all of the medical evidence and reasonably concluded that it did not support disability to the extent which plaintiff alleged. Plaintiff has failed to show that no reasonable person could find as the ALJ did.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED**.

**JUDGMENT** is for defendant and the case is closed.

Dated this 12th day of November, 2021.

J. Richard Creatura
Chief United States Magistrate Judge